In re BOSTON OPERA CO.

In re FERRARI-FONTANA.

(District Court, D. Massachusetts. January 26, 1918.)

No. 22206.

CONTRACTS ☞258—CLAIM FOR SALARY—RIGHT TO CANCEL CONTRACT "IN CASE OF WAR."

    Bankrupt, an opera company, contracted with claimant, an Italian singer, to sing in its opera in Boston during the season of 1914–15, reserving the right, inter alia, to terminate the contract "in case of war." *Held*, that the existence of the general war in Europe and its undoubted effect on the opera season justified the abandonment of the enterprise and the cancellation of the contract, although neither Italy nor the United States was at that time engaged in the war.

In Bankruptcy. In the matter of Boston Opera Company, bankrupt. On review of referee's order disallowing claim of Edwardo Ferrari-Fontana. Affirmed.

Swift, Friedman & Atherton, of Boston, Mass. (Lee M. Friedman, of Boston, Mass., of counsel), for claimant creditor.

Goodwin, Proctor & Ballantine, of Boston, Mass. (Herbert L. Barrett, of Boston, Mass., of counsel), for estate of Eben D. Jordan and others, creditors.

HALE, District Judge. This case comes before the court on the decision of the referee, disallowing the claim of Edwardo Ferrari-Fontana. This creditor was an Italian singer, who made a contract with the Boston Opera Company to sing for the season of 1914–15. His contract with that company contains this clause:

---

"XV. It is agreed that, in case the theater should be destroyed by the elements, the company shall not be held to give the performances. The artist, in this case, is not entitled to any salary nor indemnity. The company will take steps to have the performances resumed as soon as possible. Moreover, the company has the right to terminate the contract in case of fire or the destruction of the theater, in case of war, in case of epidemics, or the closing of the theater by the authorities. But such a step can only be taken in regard to the entire personnel."

Under this clause the Opera Company could terminate its contract "in case of war." The learned counsel for the claimant contends, however, that the contract could not be canceled in case of a war in which Italy was not engaged and in which America was not engaged. The same line of reasoning is applied as in the Smith Case (D. C.) 249 Fed. 269, just decided. I think this case, now before me, presents even a stronger case of justification on the part of the Opera Company to terminate its contract. I must hold, as I did in the Smith Case, that the great world war affected the opera season, and was a contingency beyond the control of the contracting parties; that it changed the Opera Company's position in reference to the performance of its contract, and put a burden on it greater than the parties contemplated when the contract was made. Thaddeus Davids Co. v. Hoffman-La Roche Chemical Works, 97 Misc. Rep. 33, 160 N. Y. Supp. 973, Davis v. Columbia Coal Mining Co., 170 Mass. 391, 49 N. E. 629.

Order of the referee affirmed; claim of Edwardo Ferrari-Fontana disallowed.